**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| LAURA LEIGH, | ) | 3:11-cv-00608-HDM-WGC |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| KEN SALAZAR, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Before the court is the defendants' partial motion to dismiss, or in the alternative for judgment on the pleadings with regard to, the second and third claims for relief of plaintiff's second amended complaint (#70). Plaintiff has opposed (#72), and defendants have replied (#73).

Once the pleadings have closed – "but early enough not to delay trial — a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is properly granted when, accepting all factual allegations in the complaint as true, there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (internal punctuation omitted).

A motion for judgment on the pleadings seeking dismissal based on a lack of subject matter jurisdiction is analyzed under the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(1). *Or. Wild v. Connor*, 2012 WL 3756327, at *1 (D. Or. 2012); 5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1367, at 221 (3d ed. 2004). Under Rule 12(b)(1), the plaintiff bears the burden of establishing subject matter jurisdiction. *Hexom v. Or. Dep't of Transp.*, 177 F.3d 1134, 1135 (9th Cir. 1999). In determining whether the court has subject matter jurisdiction, the court may consider evidence outside of the complaint. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

Plaintiff's second claim challenges defendants' use of helicopters to round up horses in the Jackson Mountain Herd Management Area during the "foaling season," which runs from March 1 to June 30 of each year. It contains no other allegations of improper treatment of the wild horses by defendants.[1] (*See* #42-1 at ¶ 13; ¶ 94). Bureau of Land Management ("BLM") policy forbids use of helicopters during the foaling season except in emergency situations. As plaintiff's claim challenges use of helicopters during the foaling season, and nothing else, plaintiff's claim goes

---

[1] While plaintiff's second claim also contains assertions of First Amendment violations, plaintiff did not separately plead a First Amendment claim, nor did she invoke this court's jurisdiction under any statute for asserting such rights. (*See* Sec. Am. Compl. 6). Rather, she invokes this court's jurisdiction under only the Administrative Procedures Act, 5 U.S.C. §§ 701 *et seq*. Further, the court notes that any First Amendment claim does not contain sufficient factual allegations to satisfy the pleading standards of *Twombly* and *Iqbal*. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, it recites only legal conclusions or vague and general factual allegations that do not sufficiently apprise defendants of the nature of the claim. (*See* Sec. Am. Compl. ¶¶ 17, 97, 101).

only to the emergency portion of the Jackson Mountain gather. Plaintiff does contest this construction of her claim.

The Jackson Mountain Environmental Assessment ("EA")[2] authorized a round-up of excess wild horses to begin in summer 2012 and followup gathers for ten years after that.  Because of the emergency conditions on the range, the EA was modified to advance the starting date of the round-up from July 1, 2012, to a period in June 2012.  (Def. Mot. Ex. A (Full Force and Effect Decision ("Decision Record")).  Since the foaling season ends on June 30, the EA essentially authorized an emergency round-up in Jackson Mountain during the month of June.  Defendants argue that because this emergency round-up is now complete, and because no further emergency round-ups are authorized by the EA or the Decision Record, plaintiff's claims for injunctive and declaratory relief are moot.  Plaintiff responds that the EA authorizes further emergency round-ups and that such are likely to recur within the EA's ten-year effective period.

"The mootness doctrine 'requires that an actual, ongoing controversy exist at all stages of federal court proceedings.'" *Leigh v. Salazar*, 677 F.3d 892, 896 (9th Cir. 2012) (quoting *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1086 (9th Cir. 2011)). "A case becomes moot—and therefore no longer a 'Case' or

---

[2] The Jackson Mountain EA is available at:
https://www.blm.gov/epl-front-office/projects/nepa/30004/37311/39115/default.jsp?projectName=DOI-BLM-NV-W030-2012-0005-EA

Plaintiff has not objected to the court's consideration of the EA or the Full Force and Effect Decision (Exhibit A to defendants' motion), and given that mootness is a question of subject matter jurisdiction, *see Wolfson v. Brammer*, 616 F.3d 1045, 1053 (9th Cir. 2010), it is appropriate for the court to consider documents outside the pleadings.

3

'Controversy' for purposes of Article III—'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Already, LLC v. Nike, Inc.*, — U.S. —, 133 S. Ct. 721, 726 (2013).

A claim "is not moot if any effective relief may be granted." *Karuk Tribe of Cal. v. U.S. Forest Serv.*, 681 F.3d 1006, 1017 (9th Cir. 2012). The test for mootness of a claim for declaratory relief is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Biodiversity Legal Found. v. Badgley*, 309 F.3d 1166, 1174-75 (9th Cir. 2002) (quoting *Super Tire Eng'g Co. v. McCorkle*, 416 U.S. 115, 122 (1974)).

Plaintiff's complaint seeks declaratory and injunctive relief as to the use of helicopters during the foaling season. As noted by defendants, the EA specifically authorized the use of helicopters during foaling season only once, in June 2012. That round-up has since been completed. While subsequent round-ups are authorized to take place for ten years after that time, the EA authorized those round-ups to occur between November and February – outside of the foaling season. (EA § 2.1.3). However, it is not improbable that in the face of an emergency on the range BLM will again determine that the environmental effects of an emergency round-up have been "covered sufficiently by" the Jackson Mountain EA. *See* 43 C.F.R. § 46.300(a)(2). Should that occur, plaintiff's claim would not be moot. Given the reasonable possibility that BLM will again face emergency conditions on the Jackson Mountain range

4

during the effective period of the EA, the court cannot at this time, without further discovery, conclude that plaintiff's claim is moot. Accordingly, the defendants' motion for judgment on the pleadings with respect to plaintiff's second claim for relief is denied.

Plaintiff's third claim for relief broadly seeks declaratory judgment. Plaintiff asserts that this claim merely seeks declaratory judgment with respect to the claims asserted in her first and second causes of action and does not assert a programmatic challenge. Because plaintiff includes a request for declaratory judgment in her prayer for relief, her third claim is duplicative and will therefore be dismissed.

For the foregoing reasons, the defendants' motion for judgment on the pleadings (#70) is **GRANTED** as to plaintiff's third claim for relief and **DENIED** as to plaintiff's second claim for relief. This matter is referred to the magistrate judge for the resetting of the scheduling order in this case.

IT IS SO ORDERED.

DATED: This 26th day of March, 2013.

_____
UNITED STATES DISTRICT JUDGE

5