UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| LAURA LEIGH, | ) | 3:11-cv-00608-HDM-WGC |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| SALLY JEWELL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Before the court is the plaintiff's motion to file a third amended complaint (#85). The defendants have opposed (#90), and plaintiff has replied (#102).

Under Federal Rule of Civil Procedure 15(a)(2), "the court should freely give leave [to amend] when justice so requires." However, leave to amend "is not to be granted automatically." *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013). The court "considers the following five factors to assess whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *Id.* (internal punctuation omitted). Where the court

1

has already granted leave to amend, "its discretion in deciding subsequent motions to amend is 'particularly broad.'" *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002).

Plaintiff's second amended complaint – the third filed in this matter – asserts inhumane treatment of wild horses during the Triple B and Jackson Mountain roundups. In her motion to amend her complaint for the third time, plaintiff seeks to add a First Amendment claim, to challenge a new Bureau of Land Management decision relating to the Triple B Complex, and to include other allegations of inhumane conduct, including the use of bait-trapping.

1. First Amendment

Plaintiff's claims in this action have always involved only the inhumane treatment of wild horses. While plaintiff's second amended complaint contains First Amendment assertions, her motion to file that complaint sought to add only a claim regarding inhumane conduct at the Jackson Mountain gather (*see* Doc. #42). No leave to file a First Amendment claim was ever sought or granted. To the extent the complaint could have been read as including a First Amendment claim, however, the court in its order dated March 26, 2013, made clear that it did not, as a First Amendment claim was neither separately nor sufficiently pled. Plaintiff concedes that her second amended complaint did not state a First Amendment claim. (*See* Doc. #102 (Pl. Reply 7:16-17)).

This case has been before the court for almost two years and is nearing a determination on the merits. While plaintiff asserts that discovery has yet to begin and thus defendants would not suffer any prejudice should a First Amendment claim be added, the

2

status of discovery is irrelevant. For the entire course of this litigation, plaintiff's claims have been limited to allegedly inhumane conduct during the Triple B and Jackson Mountain gathers. A First Amendment claim would change the nature of this litigation. That alone would prejudice the defendants as a final resolution of the plaintiff's pending claims would necessarily be delayed.

Plaintiff also unduly delayed in seeking to add a First Amendment claim. Plaintiff waited 21 months to seek to amend her complaint to add a First Amendment claim.

Finally, on one previous occasion the plaintiff amended her complaint as a matter of course and on a second occasion the plaintiff sought and secured an amendment to her complaint and on neither occasion did she add or seek to add a First Amendment claim.

While plaintiff's amendment does not appear futile nor sought in bad faith, the other three factors weigh against allowing her to add a First Amendment claim to this case. *Cf. Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (upholding denial of amendment where there was a two-year delay, amendment would have altered the nature of litigation and the new claims were tenuous). Plaintiff's motion to amend her complaint to include a First Amendment claim will therefore be denied.

2. Three HMA

In May 2013, BLM issued the Three HMA Water/Bait Trapping Gather Environmental Assessment ("Three HMA EA"). The Three HMA EA authorizes water and bait trapping in much of the Triple B Complex, and includes several other decisions the plaintiff finds objectionable. Plaintiff's proposed third amended complaint does

3

not challenge the Three HMA EA separately but instead collapses her assertions within her preexisting claim related to the Triple B roundup, conducted pursuant to the Triple B Environmental Assessment ("Triple B EA").  However, while the Three HMA EA is tiered to the Triple B EA and covers much of the Triple B Complex, the Three HMA EA is a separate administrative document with, presumably, a separate administrative record, and it authorizes gather techniques not authorized by the Triple B EA, including bait trapping.  Further, plaintiff's Three HMA claims are different in nature from the claims in this action.  Plaintiff's Three HMA challenge is not to inhumane treatment during the gather – although plaintiff speculatively asserts such could happen – but is instead to the substance of what the EA authorizes.  Adding claims that are entirely different in nature from the claims in this case and that are based on a new and separate administrative decision and record would prejudice the defendants by delaying the resolution of the claims currently pending.

    3. Additional Allegations of Inhumane Treatment

    For the reasons set forth above, plaintiff may not amend her complaint to include any allegations relating to the Three HMA EA and roundup.  This includes any allegations of bait-trapping in the Triple B Complex, as such was not authorized by the Triple B EA.  However, insofar as plaintiff's complaint contains assertions that arise out of the EAs already subject to this action – including bait-trapping in Jackson Mountain – the court cannot discern any substantial prejudice to defendants in allowing such amendment.  Any additional allegations of inhumane conduct in the roundups at issue in this action are covered by the administrative records

4

already produced, and are similar in nature to the plaintiff's existing claims.  Although plaintiff delayed seeking leave to add such allegations and the court has previously allowed the plaintiff to amend her complaint, the amendment does not appear to be sought in bad faith and is not obviously futile.

   Therefore, the plaintiff's motion to amend her complaint for the third time (#85) is **GRANTED** as to any additional factual allegations related to inhumane conduct at any roundups conducted pursuant to the Jackson Mountain and Triple B EAs, including bait-trapping at Jackson Mountain, and it is **DENIED** in all other respects.  Should plaintiff wish to file an amended complaint in accordance with this order, she shall do so no later than August 22, 2013.

   IT IS SO ORDERED.

   DATED: This 23rd day of July, 2013.

*Howard D. McKibben*
_____
UNITED STATES DISTRICT JUDGE

5